THE STATE EX REL. LEISK and others, Appellants, vs. THE COMMON COUNCIL OF THE CITY OF WAUWATOSA and others, Respondents.

*February 23—March 14, 1905.*

*Street railways: Extension of existing system: Ordinances: Submission to vote of electors.*

An ordinance granting the right to extend an existing street railway line or system upon other streets and highways in the city is not, if the term of such franchise is limited to expire at the same time as that of the existing franchise of which it becomes a part, subject to the provisions of sec. 1, ch. 387, Laws of 1903, in respect to submission of ordinances to a direct vote of the electors.

APPEAL from a judgment of the circuit court for Milwaukee county: GEO. W. BURNELL, Judge. *Affirmed.*

On October 6, 1903, a petition purporting to be signed by 350 citizens, voters, and taxpayers of the city of Wauwatosa was presented to the common council of that city, praying them to submit to a direct vote of all the voters of that city, as prescribed by ch. 387, Laws of 1903, the ordinance which had been adopted by said common council on August 4, 1903, granting a certain franchise to the defendant *Milwaukee Light, Heat & Traction Company.* After reference of the same to the judiciary committee and city attorney, and report thereon from them, the common council denied the petition.

Thereupon, and on November 12, 1903, the relators filed their petition for a writ of *mandamus* to compel such submission. To the alternative writ of *mandamus* issued thereon the common council and the other defendants made return, which was traversed by the reply of the relators. The issue thus joined having been tried, the court, at the close thereof, found as matters of fact, in effect:

(1) That on August 4, 1903, the city of Wauwatosa was, and at all times therein mentioned had been, a municipality duly organized and existing under and pursuant to the laws of Wisconsin, and had been a city comprising within its boundaries the same territory which from 1892 to its incorporation as the city of Wauwatosa in 1897 had been a village corporation under the name of the village of Wauwatosa, and that prior to its said incorporation as a village the territory within the boundaries of said village, and thereafter within the boundaries of said city, had formed part of the territory of the town of Wauwatosa.

(2) That the relators at all the times mentioned in their petition were citizens, voters, and taxpayers of the said city, as alleged in said petition.

(3) That the *Milwaukee Light, Heat & Traction Company*, subsequent to its incorporation in 1896, and particularly on August 4, 1903, was and had been a street railway corporation duly organized and existing under the laws of Wisconsin.

(4) That on and continuously for a period of several years prior to August 4, 1903, there was and had been constructed and in operation in the said city a street railway on and along lines—one known as the north or Pabst avenue (sometimes also called Walnut street) line, which during all of said times was and had been constructed and operated on and along Pabst avenue, Third avenue, and North Main street to a point near the West Main street bridge crossing the Menominee river in said city, and another spoken of as the south

or Wells street line, which during all of said times was and had been constructed on and along Wells street, Fifty-ninth street, Motor avenue, thence to West Main street at a point near the westerly end of the West Main street bridge crossing the Menominee river, thence along West Main and Chestnut streets to the west boundary of said city; and that the said Wells and Walnut street lines at all of said times constituted the only street railway constructed or operated in said city.

(5) That August 4, 1903, and for several years prior thereto, the said railways operated on the aforesaid lines and streets in said city were owned by the defendant *Milwaukee Light, Heat & Traction Company,* and during all of said times, and on August 4, 1903, the said street railways—being all the street railways then constructed or operated in the city of Wauwatosa—were operated under a single management from the same power plants; and during all of said times, and on August 4, 1903, all the street railways existed, constituted, and were operated as one system of street railways in said city, with transfer privileges given, accepted, and used, by means of which passengers were transported from any street-crossing point on any portion of said lines to any other street-crossing point on any other portion of said lines within said city for a single fare, and under franchise granted and consented to by the municipal authorities having jurisdiction for the granting of or consenting to such privileges in the territory which on August 4, 1903, was comprised within the boundaries of said city; and that all the said franchise rights and privileges under which said street railway system was owned, existed, and operated on August 4, 1903, prior to and at the time of the passage of said ordinance of that date were by the express terms thereof limited to expire on May 11, 1941.

(6) That August 4, 1903, the city of Wauwatosa, by an ordinance of its common council, granted to the *Milwaukee Light, Heat & Traction Company* the right, permission, and

authority to extend its existing line and system in the city of Wauwatosa upon certain streets and highways in said city, named in said ordinance, upon the terms and conditions in said ordinance mentioned, and to operate thereon in connection with and as a part of its existing line and system its street railway until May 11, 1941; and that said ordinance granting to said street railway company the right to extend its said line and system in said city was duly passed by said common council August 4, 1903, and approved by the defendant *Emerson D. Hoyt,* as mayor of said city, on the same day, and thereafter published as required by law in the official paper of said city, and on September 1, 1903, the same was accepted in writing by the *Milwaukee Light, Heat & Traction Company.*

(7) That September 23, 1903, a number of the qualified voters of said city equal to twenty per cent. and more of the total number of votes cast at the last preceding election in said city demanded that the ordinance so passed on August 4, 1903, be submitted to a direct vote of all the voters of said city; that the papers containing the demand for such direct vote were filed with the city clerk on September 23, 1903; and that each signer of said paper wrote thereon his occupation and residence after his signature, and that the genuineness of each signature was affirmed by the affidavit of a qualified voter of said city.

(8) That October 6, 1903, said petition and demand was by the city clerk presented to the common council at a regular meeting thereof, and at said council meeting duly and regularly referred to the judiciary committee of said common council and the city attorney of said city for investigation and report; that October 20, 1903, at a regular meeting of said common council, the said judiciary committee and city attorney reported the same back with a report and recommendation to said common council to the effect that said common council was without authority of law to submit the said ordi-

nance to a direct vote of all the voters of said city; that the common council adopted the report so made and as recommended by its said committee, and refused to submit said franchise to a direct vote of the voters in said city, and thereafter at all times refused to so submit the same.

(9) That the said franchise ordinance so passed August 4, 1903, was an ordinance of the city of Wauwatosa authorizing the extension of an existing line and system of street railway in said city upon streets and highways therein, with the term of such extension expiring by the express terms thereof at the same time as the franchise of which it is a part, to wit, May 11, 1941.

And as conclusions of law the court found, in effect: (1) That the said ordinance was and is within the exception contained in sec. 1, ch. 387, Laws of 1903, being an ordinance granting an extension in said city of an existing line and system of street railways upon streets or highways therein, with the term of such extension expiring at the same time as the franchise of which it is a part; and that said chapter does not require or authorize the submission of the said ordinance to a direct vote of the voters of said city. (2) That the relators are not entitled to have the said ordinance so granted by the common council of the city submitted to a direct vote of all the voters of the city, and that the common council of the city was not required and was not authorized by law to submit said franchise extension ordinance to a direct vote of all the voters of the city. (3) That the relators herein are not entitled to the peremptory writ of *mandamus* prayed for in this action, and that said peremptory writ of *mandamus* prayed for in this action should be denied and the petition of the relators therefor be dismissed, with costs of the action to be taxed against the relators, and that said defendants should have execution therefor.

From the judgment entered in accordance with such findings the relators appeal.

For the appellants there was a brief by *Turner, Pease & Turner,* and oral argument by *L. S. Pease.* They contended, *inter alia,* that the words "upon any street or highway," in sec. 1, ch. 387, Laws of 1903, are words of limitation, and the exception in the law is restricted to an extension upon any street or highway upon which there is an existing line or system. To sustain the contention that the ordinance in this case need not be submitted to the electors, the words "upon any street or highway" must be eliminated and the words "extension of" be changed to the words "addition to;" and even then the language would not be broad enough to include those streets which, as in this case, are not even connected with the streets on which there is an existing line.

*Charles B. Perry,* for the respondents the mayor and common council.

For the respondent *Milwaukee Light, Heat & Traction Company* there was a separate brief by *Miller, Noyes & Miller,* and oral argument by *Geo. H. Noyes.*

CASSODAY, C. J. It is stipulated in writing, and made a part of the record in this case, and that the same "shall be conclusive upon the parties" in this action, that at the time of the application for the passage of the ordinance in question—July 7, 1903—the defendant the *"Milwaukee Light, Heat & Traction Company* was the owner of all street railway franchises and privileges then existing, or which had at any time been granted in the territory contained within the boundaries of the city of Wauwatosa by either the city of Wauwatosa, the village of Wauwatosa, or the town of Wauwatosa; that the said franchise rights and privileges so existing in said city were" a franchise granted by the town board of Wauwatosa May 11, 1891, to expire May 11, 1941, a franchise granted by the village of Wauwatosa July 2, 1896, to expire May 11, 1941, and a franchise granted by the city of Wauwatosa September 5, 1899, to expire May 11, 1941.

"(3) That, notwithstanding any finding asked by appellant and refused by the trial court, no question of the validity or ownership of the above franchises shall be raised by the appellant on the argument on this appeal, and that as to the question herein stipulated the findings of the trial court are to be considered as verities. (4) That no question shall be raised by appellants on this appeal in their brief or oral argument . . . excepting the right to a writ of *mandamus* depending on the question of whether or not the franchise ordinance of . . . common council of August 4, 1903, . . . is or is not an extension of any existing line or system within the meaning of the provision contained in the last part of sec. 1, ch. 387, Laws of 1903." The section of the statute thus mentioned, and upon the construction of which it is thus conceded the case must turn, declares that:

"From and after the passage of this act no ordinance for granting either a street railroad . . . franchise, or for the extension of the life of any such existing franchise, shall be operative in any city in this state until after sixty days from the date of its passage, and if in any such case and during said period of sixty days a number of the qualified voters, equal to twenty per cent. of the total number of votes cast at the last preceding election in such city, shall demand that the ordinance be submitted to a direct vote of all the voters therein, such ordinance shall not be valid or operative until it shall have been so submitted and approved by a majority of those having voted upon it. The provisions of this section *shall not apply to the extension of any existing line or system* upon any street or highway, *if the term of such extension expires at the same time as the franchise of which it is a part."* Sec. 1, ch. 387, Laws of 1903.

As indicated in the statement of facts, all street railways constructed or operated in the city of Wauwatosa August 4, 1903, were owned by the defendant *Milwaukee Light, Heat & Traction Company,* and "were operated under a single management from the same power plants, and . . . constituted and were operated as one system of street railways in said

city, with transfer privileges given, accepted, and used, by means of which passengers were transported from any street-crossing point on any portion of said lines to any other street-crossing point on any other portion of said lines within said city for a single fare." Moreover, the ordinance of August 4, 1903, by its terms, is to expire at the same time as the other franchises mentioned—May 11, 1941. The question recurs whether, in the language of the stipulation, that ordinance "is or is not an extension of any existing line or system within the meaning of the provision contained in the last part of sec. 1, ch. 387, Laws of 1903."

The section first provides, in effect, that "no ordinance for *granting* either a street railroad . . . franchise, or for the extension of the life of any such existing franchise, shall be operative in any city" until "submitted to a direct vote," as prescribed therein, if demanded. This was manifestly intended to cover two classes of cases—one where there is an original grant of such franchise, and the other where there is the extension of the life of an existing franchise, and hence applies both to the original grant of such franchise and to the extension of the life of an existing franchise. Obviously, the ordinance in question is not the original grant of such franchise, and hence that may be dismissed from consideration. Nor is it the extension of the life of an existing franchise. The life of all such existing franchises, by their express terms, is to expire May 11, 1941, and the ordinance in question, by its express terms, is to expire at the same time. The last part of the section expressly declares that "if," as in the case at bar, "the term of such extension expires at the same time as the franchise of which it is a part," then "the provisions of the section" requiring "that the ordinance be submitted to a direct vote," as therein prescribed, "shall not apply to the extension of any existing line or system upon any street or highway." The life of a franchise only continues during the period of its existence. The section con-

templates the extension of any existing line or system of street railways upon other streets and highways without any extension of the life of an existing franchise. In other words, the act contemplates an extension of such system in space as well as time. Since the ordinance in question was not the original grant of a franchise, nor an extension of the life of an existing franchise, it is obvious that it did not come within the provision of the section requiring the submission of the same "to a direct vote" as therein prescribed. On the contrary, that ordinance merely extended the lines and system of street railroad then existing in the city of Wauwatosa upon the other streets and highways of that city, as mentioned in the record, and hence came within the last clause of the section. In other words, the lines and system of street railways existing in the city when the ordinance was adopted were thereby extended to other streets and highways as therein mentioned. Such is the plain meaning of the statute in question. This makes it unnecessary to consider other questions discussed by counsel.

*By the Court.*—The judgment of the circuit court is affirmed.